Cartter, Ch. J.,
delivered the opinion of the court, to the following effect:
This case presents the question whether the surety on a constable’s bond is liable where the constable seizes the property of a third person who is a stranger to the execution. All the authorities cited in the brief of plaintiff’s counsel unite in deciding that he is liable. This principle is sustained by' the Com’t of Appeals in New York, in 4 Comstock, 173, overruling a former decision the other way in 4 Hill, 572. The Supreme Courts of Pennsylvania, Ohio, and Massachusetts have held the same way. It appears from the citations that New Jersey stands alone in holding that the sureties are not liable for the act of the officer in such a case. We are disposed to adopt a doctrine that is sustained by such weight of authority. This will not necessarily impose a hardship upon the constable, for he can require indemnity for his protection and for that of his surety in all eases where he *30 desires to act in good faith and proper care under suspicious circumstances.
The principle will probably have a salutary influence on the conduct of these officers in preventing vexatious levies, and will cause them to enforce legal process without abusing or perverting its authority, now becoming a subject of almost daily complaint.
The counsel for the defendant assumed that the recovery by the plaintiffs in the replevin suit presented a bar to this action. We think otherwise. That was an attempt to exhaust the remedy against the principal before calling upon the surety, but does not estop the plaintiff from resorting to his remedy against the latter when, as in this case, he has failed to obtain satisfaction from the former.
The demurrer is overruled, with leave to plead over.